1

2

3

4
## UNITED STATES DISTRICT COURT

5
### EASTERN DISTRICT OF CALIFORNIA

6

7
**CARLOS C. SANCHEZ,**

**CASE NO. 1:16-CV-1867 AWI MJS**

8
**Plaintiff**

9
v.

**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER**

10
**FEDERAL JUDGE,**

11
**Defendant**

(Doc. Nos. 1, 3)

12

13

14

15
    On December 14, 2016, Plaintiff Carlos C. Sanchez filed this lawsuit and a motion to

16
proceed *in forma pauperis*.  See Doc. Nos. 1, 3.

    Plaintiff lists as the only defendant, "Judge, Downtown, CA."  Plaintiff states that the basis

17
of jurisdiction is a federal question.  Plaintiff then lists "estate, inheritances, properties, land," but

18
does not identify either a federal statute or constitutional provision.  Under the "statement of

19
claim" section, Plaintiff states, "Try to ask for a court date at times was to difficult just to ask, lift

20
the hold on my account so I may continue, also I notice that my safe deposit box in the bank

21
empty without permission."  Doc. No. 1.  Under the "relief" section, Plaintiff states, "If possible

22
my Property or documents has been illegaly been changed.  My Land in Kerman if ever been sold

23
without permission would be wrong.  My 2 houses in Fresno Co. also needs remodeling but are

24
not vacant."  Id.

25
    *In Forma Pauperis Framework*

26
    District courts "may authorize the commencement . . . of any suit, action or proceeding,

27
civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an

28

affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

Here, there are numerous problems with Plaintiff's complaint. First, Plaintiff has not invoked the Court's subject matter jurisdiction. No federal statute or constitutional provisions have been identified.[1] See 28 U.S.C. § 1331. Second, the only identifying feature of the defendant is that he or she is a judge in California, presumably in downtown Fresno. The conduct complained about is difficulty experienced by the Plaintiff in obtaining or setting hearing dates before the court. See Doc. No. 1 at § III. This conduct clearly relates to a judge's judicial actions or functions, and the conduct would not be done in the absence of all jurisdiction. Thus, the judge is entitled to absolute judicial immunity to the extent that Plaintiff is attempting to allege a claim under 42 U.S.C. § 1983. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006); Sadoski v. Mosely, 435 F.3d 1076, 1079 (9th Cir. 2006); Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996). Third, the Complaint fails to allege any form of illegal or "tortious" conduct by the

---

[1] Diversity is not at issue because the only defendant identified is a judge who sits in California, and Plaintiff appears to be a California citizen.

2

1    unknown Fresno judge.  Therefore, the Court's jurisdiction has not been invoked, it appears that

2    judicial immunity may apply, and no claims for relief have been stated.

3           Given the allegations and defendant listed in the Complaint, the Court concludes that

4    Complaint against a Fresno judge in connection with setting hearing dates is without merit and

5    that amendment would be futile.  Minetti, 152 F.3d at 1115.  The Court will deny Plaintiff's

6    motion to proceed in forma paupers and dismiss the Complaint.  See Rodriguez, 795 F.3d at 1188;

7    Minetti, 152 F.3d at 1115; Tripati, 821 F.2d at 1370.

8

9                                            ORDER

10          Accordingly, IT IS HEREBY ORDERED that:

11   1.     Plaintiff's motion to proceed in forma pauperis is DENIED;

12   2.     Pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is DISMISSED; and

13   3.     The Clerk shall CLOSE this case.

14

15   IT IS SO ORDERED.

16   Dated:   December 19, 2016          _____

17                                            SENIOR  DISTRICT  JUDGE

18

19

20

21

22

23

24

25

26

27

28